**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 6, 2012

Lyle W. Cayce
Clerk

No. 11-20256
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL ANYADIKE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-559-6

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Anyadike appeals his jury trial conviction for conspiracy to fraudulently obtain immigration documents. Anyadike argues that the evidence was insufficient because the Government failed to prove that he joined a conspiracy. He states that the Government proved the existence of individual transactions or multiple conspiracies rather than a single conspiracy. Anyadike further argues that his relationship with Sylvester Ogueri was nothing more than a "buyer-seller" relationship, that a conspiracy charge cannot stand on such

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a relationship, and that he cannot be convicted of conspiring with a government agent.

We view the evidence in the light most favorable to the verdict and will uphold a jury's verdict if a rational trier of fact could conclude that the elements of the offense were established beyond a reasonable doubt. *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). A conspiracy exists where (1) two or more people agree to pursue an unlawful objective, (2) the defendant knows about the unlawful objective and agrees to join the conspiracy, and (3) at least one member of the conspiracy commits an overt act in furtherance of the conspiracy's objective. *United States v. Freeman*, 434 F.3d 369, 376 (5th Cir. 2005).

The buyer-seller analogy employed by Anyadike in his argument is inapposite. The evidence established that Anyadike and Ogueri met with Agent Santana to discuss arrangements to illegally obtain immigration documents. Ogueri acted on Anyadike's behalf in making payments and setting up meetings. Thus, Anyadike and Ogueri shared the same object of the conspiracy and agreed to violate the laws in this manner. *See United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993). Additionally, Anyadike's conviction is based on conspiring with Ogueri rather than Agent Santana. There is nothing in the record to suggest that Ogueri was acting as a government informant. As Anyadike and Ogueri were true conspirators, the conspiracy conviction was proper. *See Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965).

Anyadike's argument that the Government proved individual transactions or multiple conspiracies rather than a single conspiracy also fails. "There is no requirement that every member must participate in every transaction to find a single conspiracy. Parties who knowingly participate with core conspirators to achieve a common goal may be members of an overall conspiracy." *United States v. Richerson*, 833 F.2d 1147, 1154 (5th Cir. 1987). It is not necessary to know the identity of other members of the conspiracy so long as the conspirators all dealt

2

with a pivotal figure who "directs and organizes the illegal activity." *United States v. Thomas*, 12 F.3d 1350, 1357 (5th Cir. 1994) (internal quotation marks and citation omitted).

The evidence showed that Anyadike and other conspirators dealt with Ogueri, who was a key figure in the conspiracy. The conspirators, including Anyadike, shared the common goal of fraudulently obtaining immigration documents. Ogueri contacted Agent Santana, provided Agent Santana with information, arranged meetings, negotiated the price, and made payments on behalf of the conspirators. Anyadike and the other conspirators met with Ogueri and Agent Santana in the same locations at the same time. Thus, there was sufficient evidence to establish that Anyadike was part of a single conspiracy. See *United States v. Morris*, 46 F.3d 410, 415 (5th Cir. 1995). Moreover, even if the Government proved multiple conspiracies, Anyadike's substantial rights were not affected because there was sufficient evidence of Anyadike's involvement in one conspiracy. *See United States v. Jackson*, 978 F.2d 903, 911 (5th Cir. 1992); *see also United States v. Lokey*, 945 F.2d 825, 832 (5th Cir. 1991).

A rational trier of fact could have found beyond a reasonable doubt that Anyadike was guilty of conspiring to fraudulently obtain immigration documents. *See Percel*, 553 F.3d at 910. Accordingly, the judgment of the district court is AFFIRMED.